Duane H. **HETTERLEY**, William E. Christensen, Sharon Edgerly, Howard W. Freeland, Jr., and Kirby Tye Pete, Plaintiffs,

v.

**LOUISIANA–PACIFIC CORPORATION,** an Oregon corporation, Defendant.

No. Civ. 97–930–FR.

United States District Court, D. Oregon.

May 14, 1998.

Jon P. Stride, Karin L. Guenther, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, OR, for Plaintiffs.

John F. Neupert, Brian T. Burton, Miller, Nash, Wiener, Hager & Carlsen LLP, Portland, OR, for Defendant.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the defendant's motion to limit scope of trial and to establish scope of review (# 26).

### FACTS

The defendant, Louisiana–Pacific Corporation (Louisiana–Pacific), arranged a sale of its Pilot Rock mill to Kinzua Resources L.L.C. (Kinzua). In connection with its sale of the Pilot Rock mill, Louisiana–Pacific decided to provide severance benefits to some of its salaried employees. The person responsible for administering the severance benefits program for salaried employees was James Beldin, who was the industrial relations manager for Louisiana–Pacific until early 1997.

On May 3, 1996, the plaintiffs and other employees of Louisiana–Pacific sent a written inquiry to the chief executive officer of Louisiana–Pacific, Mark Suwyn, seeking a clarification of the severance benefits program.

On June 21, 1996, James Beldin, on behalf of Louisiana–Pacific, sent a letter to its salaried employees, in which he stated:

I know that many of you are concerned about the status of any severance you may qualify for.

Our company will pay severance benefits to those salaried Pilot Rock employees who are not offered a position with Kinzua Resources L.L.C. or Pioneer Resources L.L.C. with the same or generally equivalent salary and benefits and the same or

generally equivalent responsibilities they enjoyed with L–P prior to the sale.

Louisiana–Pacific Corporation intends to give full and fair consideration of your status as soon as possible, but no later than thirty days after the Pilot Rock sale closes.

You will be contacted by this office during that time. Best wishes with your new endeavors.

Affidavit of Karin Guenther, Exhibit 1, Page 1.

In July of 1996, Louisiana–Pacific sold its Pilot Rock mill to Kinzua. As a part of the sale, Louisiana–Pacific terminated the employees who worked at the Pilot Rock mill, including the plaintiffs. The plaintiffs did not receive any severance pay from Louisiana–Pacific.

James Beldin had authority in July of 1996 to make severance benefits available to some of Louisiana–Pacific's salaried employees.

By letter dated February 6, 1997, Louisiana–Pacific sent participants of the severance benefits plan a copy of the Summary Plan Description for the Severance Plan Program.

The plaintiffs filed this action against Louisiana–Pacific alleging three claims for relief. (1) a failure by Louisiana–Pacific to pay wages under the wage claim statutes of the State of Oregon; (2) breach of contract; and (3) claims for benefits under the Employee Retirement Income Security Act (ERISA).

## CONTENTIONS OF THE PARTIES

Louisiana–Pacific moves the court for an order limiting the scope of the trial to the evidence contained in the administrative record and for an order establishing that the scope of the review to be conducted by this court will be to determine whether Louisiana–Pacific abused its discretion. Louisiana–Pacific contends that the scope of review is whether or not Louisiana–Pacific abused its discretion because the severance benefits plan confers discretion on the plan administrator. Louisiana–Pacific further contends that when the court reviews for an abuse of discretion, the admissible evidence is limited to the evidence which was before the plan administrator when he determined that the plaintiffs should not receive severance pay.

The plaintiffs contend that the denial of severance benefits should be reviewed *de novo* because the plan administrator in this case failed to exercise any discretion conferred upon him by the plan. The plaintiffs argue that even if the plan administrator exercised the discretion conferred upon him by the plan, his decision to deny benefits to the plaintiffs should be reviewed *de novo* because the administrator of the plan and Louisiana–Pacific are one and the same. The plaintiffs further contend that new evidence should be permitted before the court because the plan administrator failed to collect adequate information, and the court should not be limited to this information.

## ANALYSIS AND RULING

In an action challenging the denial of benefits based upon an interpretation of a plan pursuant to section 1132(a)(1)(B), the district court reviews *de novo*, " 'unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.' " *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 942 (9th Cir.1995) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). When discretion is conferred, the exercise of that discretion is reviewed under the arbitrary or capricious standard, or for abuse of discretion.

In *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1324 (9th Cir.1992), the United States Court of Appeals for the Ninth Circuit evaluated the language of a plan which provided that "[t]he determination ... will be made by Allied–Signal upon consideration of whether the new position ... has responsibilities similar to those of your current position." The United States Court of Appeals for the Ninth Circuit agreed with the district court that this language "grants [the employer] the authority to evaluate and determine facts, including whether an employee's prior and prospective position are 'similar.' " *Id.* at 1325. The court concluded that this is sufficient evidence of a grant of discretionary authori-

ty, and that the exercise of this discretion can only be reversed when it has been abused. *Id.*

In this case, the administrator decided whether employees were offered positions with Kinzua with "the same or generally equivalent salary and benefits and the same or generally equivalent responsibilities they enjoyed with L–P prior to the sale." Affidavit of Karin Guenther, Exhibit 1, Page 1. This language as the language in *Bogue*, "grants [the employer] the authority to evaluate and determine facts, including whether an employee's prior and prospective position are 'similar.'" 976 F.2d at 1325. This evaluation is a grant of discretionary authority and requires that this court review for an abuse of discretion under *Firestone*. For the purposes of deciding this issue, this court is limited to the record before the plan administrator. *Snow v. Standard Ins. Co.,* 87 F.3d 327, 332 (9th Cir.1996). The court will consider the issue of a conflict of interest as a factor in determining whether there is an abuse of discretion. *Id.* at 331.

## CONCLUSION

The defendant's motion to limit scope of trial and to establish scope of review (# 26) is GRANTED.